1  Edward J. Maney, Trustee
   P.O. Box 10434
2  Phoenix, Arizona 85064
   Telephone (602) 277-3776
3  ejm@maney13trustee.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: ) | CHAPTER 13 PROCEEDINGS |
| ) | |
| GONZALO CASTANEDA, ) | CASE NO. B-09-31617-PHX-RTB |
| VERONICA LYNN BROWN-CASTANEDA, ) | |
| ) | TRUSTEE'S EVALUATION AND |
| ) | RECOMMENDATION(S) REPORT WITH |
| ) | NOTICE OF POTENTIAL DISMISSAL IF |
| ) | CONDITIONS ARE NOT SATISFIED |
| ) | |
| ) | RE: AMENDED CHAPTER 13 PLAN |
| (Debtor(s) ) | |

Edward J. Maney, Trustee, has analyzed the Debtors' Amended Chapter 13 Plan and supporting documents and submits the following evaluation and recommendation(s):

**General requirements:**

a. Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between the claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee.

b. Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

c. The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

d. The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

e. The Trustee requires that any proposed Order Confirming Plan state: "Debtor is instructed to remit all payments on or before the stated due date each month. Debtor is advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term. Any funding shortfall must be cured before the Case can be discharged. This requirement is effective regardless of Plan payments suspensions, waivers or moratoriums, and must be included in any Plan Confirmation Orders."

f. At the time of confirmation, the Trustee will require the Debtors to certify that they are current on all required tax filings and any domestic support orders.

g. At the time of confirmation, the debtor(s) are required to certify, via language in the Order Confirming, that they are current on all payments that have come due on any Domestic Support Orders since the filing of their case <u>and</u> that they are current on all required tax return filings [pursuant to 11 U.S.C. §1308].

**Specific Recommendations:**

1. Plan payments are currently delinquent $1,041.78 with a payment of $1,041.78 coming due May 8, 2010.

2. The Trustee notes the debtors' attorneys fees listed in the Plan ($0) differ than those listed in the 2016(b) Statement of $1,500 before filing. These document(s) must be corrected.

3. The Trustee notes Debtor's payroll deduction for a retirement or 401k plan loan repayments of $149.08, $168.40 and $138.19 per month. Any installment payments that cease prior to the end of the Chapter 13 Plan, the Trustee requires Plan payments to increase accordingly.

4. The Trustee requires a **completed** and **signed** copy of Debtor(s) 2009 State and Federal tax returns, W-2's and 1099's. The Trustee informs the debtors that should these returns reveal significant tax refunds, if allowed to continue, this would constitute a diversion of disposable income. In that case, the Trustee would require the Debtor(s) adjust payroll tax deductions to prevent over- or under-withholding, amend Schedule I increasing Plan payments accordingly and provide two consecutive paystubs to verify this has been corrected or turn over tax refunds for the second and third year of the Plan as supplemental Plan payments.

5. The Trustee requires debtor file an Amended Schedule I to list accurate average net income of $4,166 per month for Veronica Brown-Castaneda.

6. The Trustee's analysis reveals a $196 funding shortfall, which must be cured before the Plan can be confirmed.

In summary, Amended Plan can be confirmed subject to the condition(s) noted above, adequate funding, and timely filed Stipulated Order Confirming, and Court approval. General unsecured creditors (including secured creditors with unsecured deficiency balances) will be paid through the Trustee, subject to timely filed and allowed claims. Chapter 7 reconciliation requirement will be met given debtors' scheduled zero equity in non-exempt property at petition date. **You are hereby advised that the Trustee may lodge an Order of Dismissal should Debtor fail to resolve item(s) #1, #2, #3, #4, #5, #6 above and submit a Stipulated Order Confirming to the Trustee for review and signature or request a hearing within 30 days from the date of the mailing of this Trustee's Recommendation.**

Trustee's Recommendation
Case No.#09-31617-PHX-RTB
Page #3

Dated: [see electronic signature]

---
Edward J. Maney, Trustee

Copies of the forgoing
Mailed on [see electronic signature],
to the following:

Gonzalo Castaneda
Veronica Brown-Castaneda
8225 W. Nicolet Ave.
Glendale, AZ 85303
Debtors

Joseph W. Charles, Esq.
P.O. Box 1737
Glendale, Arizona 85311
Debtors' counsel

By:_____
    Trustee's Clerk